

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-26-2005

# Gao v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1040

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Gao v. Atty Gen USA" (2005). *2005 Decisions.* Paper 340.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/340

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 05-1040

———

YUE XIAN GAO,
Petitioner

v.

*ALBERTO R. GONZALES,
Attorney General of the United States,
Respondent

*(Substituted pursuant to Fed. R. App. Rule 43(c))

———

Petition for Review of the Order
of the Board of Immigration Appeals
(A97-442-074)

———

Submitted Under Third Circuit LAR 34.1(a)
October 24, 2005

Before: SLOVITER, FISHER, Circuit Judges,
and THOMPSON, District Judge**

(Filed:    October 26, 2005)

———

OPINION

———

_____

**     Hon. Anne E. Thompson, United States District Judge for the District of New
Jersey, sitting by designation.

SLOVITER, Circuit Judge.

Petitioner Yue Xian Gao ("Gao"), a citizen of China, petitions for review of a final order of the Board of Immigration Appeals ("BIA") denying her application for relief in the forms of asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We must decide whether substantial evidence supports the BIA's finding that Gao's claims lacked credibility.

**I.**

Gao arrived in the United States with her minor son, Jian Cheng Gao, at or near Newark, New Jersey, in February 2004. On March 9, 2004, the Department of Homeland Security ("DHS") issued a Notice to Appear to Gao charging her and her son as inadmissible pursuant to section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I) (2000), as aliens not in possession of a valid unexpired immigrant visa or other valid entry document at the time of their application for admission to the United States. DHS also charged Gao with being inadmissible for falsely representing herself to be a United States citizen.

At a preliminary hearing before an Immigration Judge ("IJ"), Gao, who was represented by counsel, admitted to not being in possession of a valid unexpired immigrant visa at the time of her application for admission but denied the allegation of falsely representing herself to be a United States citizen. Gao applied for relief from removal in the forms of asylum, withholding of removal, and protection under the CAT.

At her evidentiary hearing, Gao testified that her claims for relief stemmed from her refusal to comply with the Chinese family planning policy. Gao testified that, after the birth of her son in 1995, she had signed a "one child" certificate, promising that she and her husband would not have other children. The Chinese government compensated Gao and her husband for their compliance with the requirements of the certificate. In 1998, Gao became pregnant again after she had a private doctor remove the required Intrauterine Device ("IUD"). She testified that Chinese family planning officials forced her to undergo an abortion. She also testified that, if returned to China, she would be subjected to forced sterilization.

On July 29, 2004, the IJ denied Gao's claims for relief finding that her testimony lacked credibility, and ordered Gao and her son removed to China. In making her determination, the IJ relied, in part, on evidence submitted by DHS regarding Gao's husband's asylum application. Gao's husband ("Mr. Gao") came to the United States in August of 1999 seeking asylum based on his wife's forced abortion and his refusal to comply with the Chinese family planning policy. At his hearing, it was determined that an "abortion certificate" submitted by Mr. Gao was fraudulent. The IJ in the instant case noted that, in light of Mr. Gao's submission of fraudulent documentation regarding the abortion, Gao's submission of unauthenticated and uncorroborated documents "raises a number of questions in the mind of the Court." App. at 48.

Gao appealed the IJ's adverse decision to the BIA. On December 10, 2004, the

3

BIA found that Gao failed to meet her burden of proof in establishing her claims for relief. The BIA held that the IJ did not err in considering the forensics report submitted by DHS regarding the authenticity of the abortion certificate that Mr. Gao submitted in support of his asylum application. Particularly, the BIA noted that the forensics report "was admitted without objection, that the report is probative, and that the lead respondent was given an opportunity to rebut any adverse inference which might be drawn therefrom." App. at 2. Further, the BIA found ample basis in the absence of the report to support a finding that Gao failed to meet her burden of proof. Therefore, the BIA affirmed the IJ's decision and dismissed Gao's appeal.

## II.

Where the BIA substantially relies on the adverse credibility determination of the IJ, we have jurisdiction to review both the BIA's and the IJ's opinions. Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004). We review adverse credibility determinations under the substantial evidence standard. Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). Under this deferential standard, we will uphold the credibility determination of the BIA or IJ unless "any reasonable adjudicator would be compelled to conclude to the contrary." Id. (citing 8 U.S.C. § 1252(b)(4)(B)). Thus, if a reasonable fact finder could make an adverse credibility determination based upon the administrative record, then the agency determination is supported by substantial evidence. Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003).

4

The Attorney General has discretion to grant asylum to refugees. 8 U.S.C. § 1158(a); INS v. Cardoza-Foneseca, 480 U.S. 421, 428 n.5 (1987). Under 8 U.S.C. § 1158(b), an asylum applicant bears the burden of proving that s/he is a refugee within the meaning of 8 U.S.C. § 1101(a)(42)(A). For immigration purposes, a refugee is defined as one who is unable or unwilling to return to his or her country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A). The statutory definition of refugee specifically provides that a person forced to abort a pregnancy "shall be deemed to have been persecuted on account of a political opinion." 8 U.S.C. § 1101(a)(42)(B).

The issue on appeal is whether the BIA's affirmance of the IJ's adverse credibility determination was supported by substantial evidence. Gao contends that the IJ erred by considering the forensics report submitted by DHS showing that her husband submitted fraudulent documents regarding her alleged abortion during his own asylum hearing. Gao also argues that her testimony was consistent with her asylum application and sufficiently detailed to establish eligibility for asylum.

The BIA properly concluded that the IJ did not err in considering the forensics report submitted by DHS showing that Mr. Gao submitted a fraudulent abortion certificate during his asylum hearing. As the BIA noted, the report had probative value, was admitted without objection, and Gao had an opportunity to rebut the report. Further,

5

the IJ did not directly rely on the report in determining Gao's credibility but, rather, considered the report in determining what weight to give other unauthenticated and uncorroborated documentation. Moreover, substantial evidence, independent of the forensics report, supports the IJ's adverse credibility determination.

The BIA properly concluded that Gao's testimony alone failed to sustain her burden of proof for relief from removal. The testimony of the applicant alone may be sufficient to establish eligibility for asylum if credible in light of the country conditions in the applicant's country of nationality. Matter of S-M-J-, 21 I. & N. Dec. 722, 724 (BIA 1997). In this case, however, although Gao testified, and as Gao emphasizes did so consistently with her application, the IJ noted it "appears at times to be by rote." App. at 10. The IJ also found a number of problems with Gao's testimony. App. at 11. She found inconsistencies in Gao's testimony and compared the limited detail in Gao's testimony regarding forced abortion and sterilization with contradictory evidence in the Country Condition Reports submitted by DHS which stated that there was no evidence of forced abortion or property confiscation in the province in which Gao resided. Further, Gao failed to sufficiently explain the alleged prevalence of the Chinese family planning policy in light of the fact that Gao has several siblings remaining in China who have two children.

Additionally, the IJ identified specific deficiencies in the documentary evidence Gao submitted. The IJ noted that, according to the Country Condition Reports, documents

from China which purport to verify personal history are subject to widespread fabrication and fraud. A previous Department of State Profile had specifically referred to Fuzbau (Gao's province) as an area in which such fraud frequently occurs. Noting the potential for document fraud, the IJ placed little weight on Gao's uncorroborated and unauthenticated documents. Further, the IJ specifically noted Gao's failure to present any witnesses to support her claim even though several of her family members are present in the United States, including her husband and her sister, who were both present in China during the time in question. She also noted that the letter Gao presented from her sister which purported to be from China had no attached envelope to show that it was and was not sworn.

The IJ identified several specific, cogent reasons supporting her adverse credibility determination including Gao's inability to explain contradictions between her testimony and the Country Condition Reports, her inability to corroborate or authenticate her supporting documentation, and her inability to present available witnesses. Under the deferential standard for reviewing determinations of adverse credibility, we conclude that the IJ's decision was reasonable and supported by substantial record evidence.

### III.

### Conclusion

For the reasons set forth, we hold that the BIA's affirmance of the adverse credibility determination of the IJ was supported by substantial evidence. We will deny

the Petition for Review.

_____